IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENJI MOORE, #235440, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 2:14-CV-360-MEF |
| | )  [WO] |
| | ) |
| KIM THOMAS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Kenji Moore ["Moore"], a state inmate.  In the instant civil action, Moore alleges that on April 15, 2014 a correctional officer at the Limestone Correctional Facility disclosed his HIV-positive status to several other inmates.  *Complaint - Doc. No. 1* at 6.  Moore names Kim Thomas, the Commissioner of the Alabama Department of Corrections, Dewayne Estes, the warden of Limestone, and Fred Rice, the offending officer, as defendants in this cause of action.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.[1]

---

[1] Moore did not file either an application for leave to proceed *in forma pauperis* or the requisite fees necessary to proceed in a civil action.  However, under the circumstances of this case, the court concludes that procurement of the requisite fees or documents necessary to a determination of assessment/collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

## II.  DISCUSSION

A civil action asserting a violation of a prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

The Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the action about which Moore complains occurred in the Northern District of Alabama.  In addition, defendants Estes and Rice reside in the Northern District of Alabama, as do all individuals with personal knowledge of the alleged violation of Moore's constitutional rights.  Although by virtue of his position as commissioner of the Alabama Department of Corrections the remaining defendant, Kim Thomas, resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state.[2]  It is therefore clear that the witnesses and evidence associated with this case are located in

---

[2] In transferring this case, this court makes no determination with respect to the merits of the plaintiff's claims for relief against any of the named defendants.

the Northern District of Alabama.

In light of the foregoing, the court concludes in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 30, 2014**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); see *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); see also *Bonner v. City of Prichard*,

661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of May, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE